**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Domingo Velez, Jr.,                                Case No. 3:15cv1112

         Plaintiff,

     v.                                         **ORDER**

Putnam County,

         Defendant.

On June 2, 2015, plaintiff *pro se* Domingo Velez, Jr., an inmate at the Belmont Correctional Institution, filed this action against defendant Putnam County, Ohio. While the allegations set forth in the complaint are unclear, it is apparent plaintiff is challenging his criminal conviction in defendant county and resulting incarceration. He seeks monetary relief.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes the complaint fails to state a claim upon which relief may be granted, or if plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , *2 (6th Cir.).

The Supreme Court has held, when a prisoner challenges "the very fact or duration of his physical imprisonment . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Further, absent allegations that criminal proceedings terminated in plaintiff's favor or that a conviction stemming from the asserted violation of his rights was reversed, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal

court's issuance of a writ of habeas corpus, he may not recover damages for his claim. *Heck v. Humphrey*, 512 U.S. 477 (1994).

    Accordingly, I dismiss this action without prejudice under section 1915A. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    So ordered.

    /s/ James G. Carr
    Sr. U.S. District Judge